PER CURIAM.
Defendant Township of Parsippany-Troy Hills appeals from judgments entered in the Tax Court that reduced the assessed value of the subject property for the tax years 1993 and 1994. After carefully reviewing the entire record in this matter, we affirm.
The subject property is owned by plaintiff, Prudential Insurance Company of America (Prudential). It is identified on the tax maps of the Township as Block 202, Lot 3.9. On the property is a hotel known as the Parsippany Hilton Hotel.
*150 The Township assessed the property at $25,829,800 for both tax years. The rounded equalized value was $47,000,000 for 1993 and somewhat less than $46,000,000 for 1994.
Prudential filed complaints in the Tax Court seeking direct review of these assessments. The property tax appeals were consolidated and tried on June 6 and 7,1995. Thereafter, the Tax Court Judge reduced the hotel’s 1993 equalized value to 26.7 million dollars (rounded) and its 1994 equalized value to 26.2 million dollars (rounded).
There are, in general, three approaches to the valuation of real property: the cost approach, the market approach and the income approach. The Tax Court Judge valued this property based on the income approach. The Township’s principal contention on appeal is that the Tax Court Judge erred when she utilized the income approach in setting the value of the property.
After carefully reviewing the entire record in this matter, we are not at all persuaded by the Township’s contention. We note, for instance, that at the Tax Court level, both experts, including the Township’s own expert, relied upon the income approach. Indeed, the Township’s expert noted in his appraisal report:
In the instant case, although all of the approaches to value were considered, only the Income Capitalization Approach was utilized. While the Cost and Sales Comparison Approaches are reliable indicators of value for less complex forms of properties, they are not considered good indicators of value for more complex properties such as hotels. Because sales are transacted based on the return generated by the investment, the Income Capitalization Approach is the most appropriate in estimating the market value of the subject because it reflects the rational (sic) of investors and sellers in the marketplace for such complex properties.
A party may not urge one course upon a trial court and then argue on appeal that the trial court erred in adopting it. Spedick v. Murphy, 266 N.J.Super. 573, 593, 630 A.2d 355 (App.Div.), certif. denied, 134 N.J. 567, 636 A.2d 524 (1993).
We are satisfied that the figures utilized and relied on by the Tax Court Judge are amply supported by the record. Rova *151 Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 489, 323 A.2d 495 (1979).
The judgments under review are affirmed substantially for the reasons expressed by Tax Court Judge Mary R. Hamill in her written opinion of June 28,1995.